IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curtis Dale Richardson, a/k/a Curtis Richardson#269166, a/k/a Curtis D. Richardson, a/k/a Curtis Richardson #28507-171,<br><br>    Plaintiff,<br><br>vs.<br><br>Kaitlin Cook, Horry County Solicitor, in her individual and official capacity, Loris Police Department, D. S. Wilkes, Pfc. Sauer, Horry County, South Carolina, City of Loris, JR Long Detention Center Medical Staff Supervisor, Horry County Sheriff's Department,<br><br>    Defendants. | Case No.: 4:23-cv-6959-JD-TER<br><br>**ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 19), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of Plaintiff Curtis Dale Richardson's ("Plaintiff" or "Richardson") pleadings.[1]

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## A. Background

Richardson, a former pretrial detainee proceeding *pro se* and *in forma pauperis*, sued Defendants[2] Kaitlin Cook, Horry County Solicitor, in her individual and official capacity ("Cook"), Loris Police Department, D. S. Wilkes ("Wilkes"), Pfc. Sauer ("Sauer"), Horry County, South Carolina ("Horry County"), City of Loris, JR Long Detention Center Medical Staff Supervisor ("JR Long Medical Staff"), Horry County Sheriff's Department ("HCSD") (collectively "Defendants"), pursuant to 42 U.S.C. § 1983. Richardson alleges Horry County and Cook unlawfully detained him for 66 days without bond until his release by a circuit court judge. (DE 14 at 7.) Richardson further alleges that this Court ordered Wilkes to pay him $5,0000.00 in damages for claims arising from a separate lawsuit (No. 4:16-cv 0835-JD) (*id.* at 8) and that Sauer towed his vehicle from his parking lot without justification (*id.* at 9).[3]

## B. Report and Recommendation

The Magistrate Judge reviewed Plaintiff's *pro se* complaint under the procedural provisions of 28 U.S.C. § 1915, the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), and under a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff was notified of deficiencies in his original

---

[2]    Plaintiff alleges there are four or five defendants at times but, in fact, lists multiple defendants on each numbered line. Liberally construed, there are nine defendants.

[3]    Plaintiff also purports to make a wrongful death claim on behalf of James Allen Brown (deceased) ("Brown") against the JR Long Medical Staff, Horry County, and HCSD. Brown was detained in 2022 and purportedly died in custody because of a lack of treatment for COVID-19.

2

complaint and allowed to amend the complaint. Plaintiff availed himself of that opportunity and filed an Amended Complaint. (DE 14.)

Accordingly, on March 12, 2024, the Magistrate Judge issued the Report based on his initial review of the pleadings. The Report recommends Plaintiff's claims be dismissed with prejudice under section 1915(e) and without issuance and service of process. The Report made these findings:

(1) Cook and Horry County have prosecutorial immunity,

(2) Plaintiff's claims against Wilkes have been adjudicated in as separate action (No. 4:16-cv 0835-JD),

(3) Plaintiff's claims against Sauer for taking his vehicle are not actionable under section 1983,

(4) HCSD and the State of South Carolina have Eleventh Amendment immunity,

(5) Plaintiff fails to state any facts regarding his claims of having a vehicle towed against Sauer or any policy or custom against the City of Loris and the City of Loris Police Department to satisfy a *Monell* claim, and

(6) "Plaintiff asserts he is Brown's legally appointed representative; nonetheless, Plaintiff may not represent others *pro se*." *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).

(DE 19.) On June 10, 2024, Plaintiff objected to the Report.

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district

3

judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

1. Qualified Immunity

Plaintiff contends Cook is not entitled to qualified immunity because Plaintiff's Complaint alleges Cook admitted there was no justification for him being detained for 66 days when his bond was posted. (DE 32 at 2.) As explained in the Report,

> Prosecutors are protected by immunity for activities in or connected with judicial proceedings. *Van de Kamp v. Goldstein*, 555 U.S. 335, 338-44 (2009); *Dababnah v. Keller–Burnside*, 208 F.3d 467, 470 (4th Cir.2000). Prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

(DE 19 at 4.) Plaintiff's objection does not refute or challenge this explanation. Thus, the Court overrules the same.

2. $5,000.00 Judgment against Wilkes

Plaintiff argues that the District Court can enforce the judgment against Wilkes, which arises from a separate proceeding. (DE 32 at 4-5); *see also* (No. 4:16-cv 0835-JD). To begin with, the Report says the matter raised by Plaintiff has been closed since 2022 and is unrelated to Plaintiff's current arrest and detention. (DE 19

4

at 4.) Plaintiff does not challenge the Report's procedural summary of events, which says,

> The Fourth Circuit Court of Appeals denied Plaintiff's appeal of a petition for mandamus in that action. Plaintiff received a hearing in that action after the writ of execution returned unsatisfied, questioned Wilkes regarding assets to satisfy that judgment, and '[t]he supplementary proceedings as requested by Plaintiff have failed to identify any non-exempt assets available to satisfy the judgment against Wilkes.' No. 4:16-835-JD(ECF 196)

(DE 19 at 4.) Since the Court has granted the relief sought by Plaintiff, the Court overrules this objection.

   3. Vehicle Towing

Plaintiff challenges the dismissal recommendation of his towing violation claim against Sauer. Plaintiff alleges his vehicle was properly insured, registered, and on private property. (DE 14 at 9.) Nevertheless, Plaintiff's Complaint alleges Sauer towed his vehicle because Plaintiff cursed him. (*Id.*) The Report recommends dismissing this claim for failure to state a violation of a constitutional right based on an alleged deprivation of property. (DE 19 at 4-5.) The Report ably explained that,

> Deprivations of property are not actionable under § 1983 and do not offend due process when adequate post-deprivation state remedies are available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Plaintiff has remedies under South Carolina law to obtain relief for the alleged taking of his personal property, by proceeding pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15–78–10 et seq. *See Mora v. City of Gaithersburg*, 519 F.3d 216, 231 (4th Cir.2008) (State courts are available for property claims and the State process is constitutionally adequate).

(DE 19 at 4.) Plaintiff's objection raises new facts to support this claim. Plaintiff now alleges that Sauer "decided to tow the vehicle to take inventory of the items inside based on the fact that [] Plaintiff was unable to give consent for someone to take

5

custody of the vehicle[.]" (DE 32 at 5.) Plaintiff further says his wife was present and told Sauer to "leave the car where it is." (*Id.* at 6.) Plaintiff contends Sauer's actions went against the Fourth Circuit's decision in *United States v. Fort*, 313 F. App'x 665 (4th Cir. 2009). (*Id.*) *United States v. Fort* involved an inventory search of Fort's vehicle "after police discovered him in medical distress behind the wheel of his parked car." *United States v. Fort*, 313 F. App'x at 666. Fort argued that "there was no justification for performing an inventory search because there was no need to tow or impound the vehicle, as [his] wife was given custody of the vehicle and permitted to drive it home." (*Id.* at 667.) Fort's wife was not present when the inventory search began, but she was en route to his location. The Fourth Circuit in *Fort* held that,

> As the Supreme Court has noted, there is no prohibition on the discretion of a police officer to determine how to store and secure an unattended vehicle 'so long as that discretion is exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity.'

*United States v. Fort*, 313 F. App'x 665, 667 (4th Cir. 2009). Putting aside the fact that Plaintiff did not allege any fact about his wife in his Complaint, Plaintiff's objection does not address the due process remedies afforded him under state law to redress his towing claim. The Court overrules this objection since Plaintiff has not alleged facts in his Complaint or pointed out a legal error in the Report regarding his towing claim.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 19) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's claims are dismissed with prejudice (except the towing claim which is dismissed without prejudice) and without issuance and service of process.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 4, 2024

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.